

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2006

# USA v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Moore" (2006). *2006 Decisions.* Paper 1647.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1647

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3532

———

UNITED STATES OF AMERICA

v.

GERALD WAYNE MOORE,

Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cr-354)
District Judge: Honorable Robert B. Kugler

———

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2006

Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed: February 2, 2006)

———————————————

OPINION OF THE COURT
———————————————

FUENTES, Circuit Judge.

1

Appellant Gerald Wayne Moore's response to this Court's Order dated March 2, 2005 regarding the applicability of United States v. Booker, 543 U.S. 220 (2005), states that he "wishes to challenge his sentence under [Booker]." Pursuant to said Order, such a statement is to be "construed as waiving any issues related to the conviction." We therefore address only the sentencing issue.

In United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), this Court stated that except in limited circumstances, we will presume prejudice and direct a remand for resentencing where the District Court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory. That was the situation here, and we perceive no circumstance in this case which warrants a different result than that found in Davis.

Having determined that the sentencing issues Appellant raises are best determined by the District Court in the first instance, it is ORDERED and ADJUDGED that the Appellant's request for summary remand is GRANTED. The Appellant's sentence is VACATED and this matter is REMANDED for resentencing in accordance with Booker.